Muhammad Ali HAROON, Petitioner

v.

Alberto R. GONZALES, U.S. Attorney General, Respondent.

No. 05–60926
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 12, 2006.

Jonathan H. Lamb, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, Linda Susan Wendtland, U.S. Department of Justice, Office of Immigration Litigation, John Clifford Cunningham, Luis Enrique Perez, U.S. Department of Justice, Civil Division Immigration Litigation, Washington, DC, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, Thomas Burton Thompson, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Lafayette, LA, Sharon A. Hudson, U.S. Citizenship & Immigration Services, Houston, TX, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before KING, WIENER, and DeMOSS, Circuit Judges.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: *

Pakistani citizen Muhammad Ali Haroon appeals from the Board of Immigration Appeals' (BIA) denial of his motion to re-open his removal proceeding and the denial of his motion to reconsider the denial of the motion to reopen. We lack jurisdiction to address the denial of the motion to reconsider. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

Haroon contends that the BIA erred by denying his motion to reopen the proceeding in order to address whether the Immigration Judge (IJ) erred by denying Haroon's request for a continuance because he was eligible to seek adjustment of his status to lawful permanent resident alien, pursuant to 8 U.S.C. § 1255(i). Subsequent to his hearing before the IJ, the Seventh Circuit decided *Subhan v. Ashcroft,* 383 F.3d 591 (7th Cir.2004), and Haroon received a labor certification from the Department of Labor, which enabled him to submit an application for an I–140 visa.

We review the BIA's denial of the motion to reopen under the abuse-of-discretion standard, *Zhao v. Gonzales,* 404 F.3d 295, 302–03 (5th Cir.2005), and we find no abuse of discretion. We have rejected the analysis of our sister circuit in *Subhan. See Ahmed v. Gonzales,* 447 F.3d 433, 437–38 (5th Cir.2006). Because Haroon has not shown that an immigrant visa is immediately available to him, he therefore has not demonstrated that he is eligible to be considered for relief under § 1255(i), *see*

*id.* at 438, or that his case warranted a continuance. *See id.* at 439.

PETITION DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.